UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

<u>Gerry Smart</u>,
     Petitioner

     v.                               Case No. 13-cv-375-SM
                                        Opinion No. 2014 DNH 151
<u>Warden, Federal Correctional</u>
<u>Institution, Berlin, New Hampshire</u>,
     Respondent

## O R D E R

Gerry Smart is an inmate at the federal correctional institution in Berlin, New Hampshire.  He brings this habeas corpus petition challenging his continued incarceration as well as the Bureau of Prisons' calculation of his federal sentence. He claims that prior to his incarceration, the federal government relinquished "primary jurisdiction" over him and, therefore, has no authority to detain him.  Consequently, he says he should be released from prison.  Alternatively, he says the Bureau of Prisons has failed to properly calculate his sentence.

The parties agree that there are no genuinely disputed material facts and each has moved for judgment as a matter of law.  For the reasons discussed, Smart's motion is denied, and the government's motion is granted.

**Background**

In support of its motion, the government has submitted an affidavit from Andrew Roush, Correctional Programs Specialist at the Designation and Sentence Computation Center in Grand Prairie, Texas (document no. 13-2).  Smart does not dispute any of the material facts set forth in that affidavit, which are as follows:

1.  On May 9, 2008, Smart was arrested in Mississippi on several state charges.  He was convicted and sentenced to serve 90 days in jail.

2.  Upon completing that sentence, Smart remained in state custody, on a pending charge of aggravated assault.  Although he was initially released on bail, in July of 2009, he was ordered detained.

3.  In October of 2009, Smart was "borrowed" from state custody pursuant to a federal writ of habeas corpus ad prosequendum.  He was arraigned before the United States District Court for the Southern District of Mississippi on a one-count indictment charging him with being a felon in possession of a firearm.  Smart entered a plea of "not guilty" and the court ordered that he be detained.

4.  In December of 2009, Smart pled guilty to the pending federal charge against him.

5.  On February 11, 2010, the district court sentenced Smart to a 115-month term of imprisonment.  He remained in federal custody until March 12, 2010, when he was returned to the state custody.

6.  Five days later, on March 17, federal authorities again "borrowed" Smart (to potentially assist the government in another matter).  He remained in federal custody

2

until June 28, 2010, when he was returned to
state custody with the federal Judgment and
Commitment Order filed as a detainer.

7.   In July of 2010, the State of Mississippi
     sentenced Smart to a 5-year term of
     imprisonment for aggravated assault, with 459
     days of jail credit awarded toward his
     sentence.

8.   On March 15, 2012, Smart completed his state
     sentence and was released to the federal
     detainer.

9.   Based upon Smart's 115-month incarcerative
     sentence, the Bureau of Prisons then prepared
     a "sentence computation" for him, commencing
     on March 15, 2012 - the day he was released
     to the exclusive custody of federal
     authorities.  He was awarded "prior custody
     credit" for 252 days that were not credited
     by the State of Mississippi for the periods
     October 14, 2009, through March 12, 2010, and
     March 18, 2010, through June 27, 2010.

10.  Smart is currently incarcerated in the
     federal prison in Berlin, New Hampshire,
     where he is serving that 115-month sentence.

See Affidavit of Andrew Roush at paras. 5-10.  See also U.S.

District Court for the Southern District of Mississippi, Criminal

Docket Sheet No. 3:09-cr-0087-TSL-FKB-1.


     The government asserts that, in light of those facts, it is

plain that the State of Mississippi did not relinquish primary

jurisdiction over Smart until he completed his state sentence in

March of 2012.  Moreover, he properly received credit for all

time that he was in custody, including credit against his federal

3

sentence for the period between March 17, 2010, and June 28, 2010, when he was briefly in federal custody.

Smart, on the other hand, claims that since his transfer to the custody of the United States Marshal on March 17, 2010, occurred after his federal sentence had been imposed, but while his pre-existing Mississippi charge was pending, that temporary transfer to federal custody resulted in Mississippi's renunciation of primary jurisdiction over him. Moreover, he asserts that when he was returned to state custody approximately 100 days later (on June 28, 2010), the United States relinquished primary jurisdiction over him back to Mississippi. That, in Smart's view, resulted in the following:

1. He began serving his federal sentence on March 17, 2010, when Mississippi relinquished (or lost) primary jurisdiction over him; and

2. The United States subsequently relinquished (or lost) primary jurisdiction over him when the Marshal returned him to Mississippi custody on June 28.

See Petition for Writ of Habeas Corpus (document no. 1) at para. 13(a) ("No writ was issued for Petitioner after 3/18/2010. The BOP action was a voluntary waiver into state jurisdiction."). See also Id.("Release on 06/28/2010 operated as a jurisdictional waiver to any further incarceration.").

As a result, says Smart, he completed his 115-month federal sentence on June 28, 2010, after having spent approximately 100 days in federal custody.  He seeks his immediate release from prison.  Alternatively, he asserts that he began serving his federal sentence on March 17, 2010 (rather than March 15, 2012, when he completed his state sentence and was remanded to the custody of the Bureau of Prisons) and says his federal sentence should be credited accordingly.

## Discussion

As the government notes, Smart is incorrect.  The State of Mississippi did not relinquish primary jurisdiction over Smart until he completed his state sentence in March of 2012, and was taken into federal custody.  At that point, he began serving his federal sentence.  <u>See</u> 18 U.S.C. § 3585(a) ("A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.").

In a case involving claims similar to those raised by Smart, the Court of Appeals for the Eighth Circuit explained the primary jurisdiction doctrine (and the circumstances under which a sovereign relinquishes primary jurisdiction) as follows:

5

Cole first contends his federal sentence began running
on December 19, 2002 [when he was sentenced on his
federal conviction].  We disagree.  Cole was not in
federal custody at that time - he was in state custody.
Cole was only transferred temporarily to the federal
authorities for the purpose of being sentenced.  If,
while under the primary jurisdiction of one sovereign,
a defendant is transferred to the other jurisdiction to
face a charge, <u>primary jurisdiction is not lost</u> but
rather the <u>defendant is considered to be "on loan"</u> to
the other sovereign.  This comports with the principles
that ordinarily apply when two separate sovereigns
exercise jurisdiction over the same person during the
same time period.

As between the state and federal sovereigns, primary
jurisdiction over a person is generally determined by
which one first obtains custody of, or arrests, the
person.  <u>Primary jurisdiction continues until the first
sovereign relinquishes its priority in some way</u>.
Generally, a sovereign can only relinquish primary
jurisdiction in one of four ways: 1) release on bail,
2) dismissal of charges, 3) parole, or 4) expiration of
sentence.

<u>United States v. Cole</u>, 416 F.3d 894, 896-97 (8th Cir. 2005)

(emphasis supplied) (citations omitted).  <u>See also</u> <u>Stephens v.

Sabol</u>, 539 F. Supp. 2d 489, 493 (D. Mass. 2008) ("On December 6,

when Stephens appeared in federal court, he did so by way of a

federal writ of habeas corpus ad prosequendum.  The use of that

writ did not signal that Florida authorities relinquished their

primary jurisdiction over Stephens.  To the contrary, the federal

writ only "borrows" the defendant from state custody.  When the

writ is used, the defendant officially remains in the

jurisdiction of the sovereign from which he was borrowed, even

though his custodians change.  The rule allows one sovereign to

produce the defendant for trial without impinging on the rights of the other.  Therefore, when Stephens was brought into federal court on December 6, 1994, he remained under the sole jurisdiction of the state of Florida.  His federal sentence did not begin to run and he was returned to state custody after the trial was completed.") (citations omitted).

Here, the State of Mississippi obtained primary jurisdiction over Smart when it charged him with assault and detained him (prior to his indictment by a federal grand jury).  It subsequently "loaned" Smart to the federal government for various proceedings related to his indictment on charges of being a felon in possession.  Mississippi did not relinquish primary jurisdiction over Smart until he completed his state sentence in March of 2012.

Moreover, even if there were some evidence that Mississippi had inadvertently relinquished primary jurisdiction over Smart from March 18, 2010, through June 27, 2010 (there is none), his federal sentence has already been credited with those days in federal custody.  And, contrary to Smart's assertions, given the circumstances of this case he was <u>not</u> entitled to ongoing credit against his federal sentence once he was returned to state custody.  <u>See generally</u> <u>Stephens</u>, 539 F. Supp. 2d at 495-500

7

(discussing how to properly credit time against a federal inmate's sentence when a state mistakenly relinquishes primary jurisdiction to the federal government, but subsequently discovers its mistake, re-assumes custody of the inmate, and reincarcerates him on his state sentence).

### Conclusion

For the foregoing reasons, as well as those set forth in the government's thorough memorandum, Smart's petition for habeas corpus relief (document no. 1), as well as his motion for summary judgment and an order directing his immediate release from federal custody (document no. 12) are denied.  The government's motion for summary judgment (document no. 13) is granted.

The Clerk of Court shall enter judgment in accordance with this order and close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

June 30, 2014

cc:  Gerry Smart, pro se
     Seth R. Aframe, AUSA